UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| WILLIAM DIXON ADELMAN, | Case No. 2:21-cv-04336-JAK (GJS) |
|---|---|
| Petitioner | |
| v. | ORDER DISMISSING PETITION WITHOUT PREJUDICE |
| WARDEN OR ACTING WARDEN, LOMPOC-FCI, | |
| Respondent. | |

Petitioner is a federal prisoner currently incarcerated within this District at FCI-Lompoc. The Clerk's Office received a putative 28 U.S.C. § 2241 petition from him on May 24, 2021, which thereafter was filed and assigned to the undersigned (Dkt. 1, "Petition"). The Court has screened the Petition[1] and evaluated Petitioner's allegations and claims. Based on this review, the Court concludes that

---

[1] Habeas petitions brought pursuant to Section 2241 may be subjected to the same screening requirements that apply to habeas petitions brought pursuant to 28 U.S.C. § 2254. *See* Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (a district court may "apply any or all of these rules" to any habeas petition, and mandating that a district court dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *see also Bostic v. Carlson*, 884 F.2d 1267, 1269-70 (9th Cir. 1989) (affirming district court's dismissal of a Section 2241 petition under Habeas Rules 1(b) and 4); Local Rule 72-3.2 (authorizing magistrate judge to prepare for district judge proposed order for summary dismissal and proposed judgment if it plainly appears from the face of the habeas petition that the petitioner is not entitled to relief).

summary dismissal of this action, without prejudice, is required, for the reasons stated below.

## BACKGROUND

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the federal dockets and filings available through the PACER system. These records show that in Case No. 3:17-cr-03580-JLS in the United States District Court for the Southern District of California (the "Sentencing Court"), Petitioner was charged with violations of 18 U.S.C. §§ 2423(b)/2428(b) (travel with the intent to engage in illicit sexual conduct). Following a June 22, 2018 plea, Petitioner was convicted of one count of violating 18 U.S.C. §§ 2423(b)/2428(b). In February 2019, Petitioner received a sentence of 90 months, to be followed by ten years of supervised release.

Petitioner did not appeal this conviction or sentence. On November 17, 2020, Petitioner filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) in the Sentencing Court. Following briefing, on December 18, 2020, United States District Judge Janis L. Sammartino denied the motion, finding that even if Petitioner's asserted medical conditions (diabetes, sleep apnea, and obesity) could be found to be extraordinary and compelling grounds for relief, they did not outweigh the risk of danger to the community in light of the "dangerous and disturbing" nature of Petitioner's conduct surrounding his offense. [*See* Docket for 3:17-cr-03580-JLS, No. 75.]

Petitioner has moved for reconsideration of the December 18, 2020 Order, and that motion was pending when the docket for Petitioner's criminal case was last checked. In its January 29, 2021 opposition to the reconsideration motion, the Government presented evidence that Petitioner had refused to be vaccinated, and in his February 8, 2021 reply, Petitioner denied that he had refused to be vaccinated and said that he would be vaccinated when that opportunity was next offered to him.

[*See* Docket for 3:17-cr-03580-JLS, Nos. 79-81.]  In a subsequent filing, the Government presented evidence that Petitioner once again had refused to be vaccinated (on March 3, 2021), and in a response, Petitioner claimed that he had refused to be vaccinated by medical personnel at his institution on this second occasion, because an inmate at FCI -Lompoc had tested positive for Clostridium difficile.  [*See* Docket for 3:17-cr-03580-JLS, Nos. 83-84.]

According to the Federal Bureau of Prisons ("BOP") website, Petitioner's projected release date is February 23, 2024.

## PETITIONER'S CLAIMS

The Petition alleges the following five grounds for relief:

*Ground One* seeks relief based on an alleged "[u]ncertain, possible worsening COVID situation."  The Petition alleges that:  COVID cases and hospitalizations are rising in many areas; the CDC predicts new waves of infection; new variants are emerging frequently; it is unknown how long the COVID vaccines will provide protection; and California has relaxed its "alert status," which creates a danger of a "massive resurgence" of COVID infections.  [Petition at 3.]  Petitioner does not proffer any support for these assertions, which for the most part seem to be contrary to the CDC's pronouncements of late and to media reports regarding falling rates of infections, hospitalizations, and deaths in much of the United States, especially in California.

*Ground Two* seeks relief based on the alleged "[c]ontinuing negligence or incompetence by BOP vis a vis COVID & inmate health care."  The Petition vaguely refers to unidentified documents attached as exhibits to unidentified inmate motions, and does not allege what information these documents contain.  As to himself, Petitioner alleges that:  he has made four requests for a CPAP machine that have been denied despite his sleep apnea; his diabetes is "out of control"; the BOP and the DOJ "lied" when they said he had refused to be vaccinated twice and

violated HIPPA in doing so; and with respect to the March 3, 2021 incident, he asked to have his vaccination postposed due to the presence of Clostridium difficile at FCI-Lompoc. [Petition at 3.] Thus, by his second claim, Petitioner complains about what he believes to be deficient medical care provided to him, as well as vaguely alludes to unspecified issues regarding how his institution is handling COVID matters.

*Ground Three* is premised on Petitioner's allegedly "[w]orsening personal health." Petitioner refers to his Ground Two allegations and alleges that he also is obese and possibly has high blood pressure. He complains that he remains unvaccinated in an environment in which inmates do not have to wear masks in dorms except during inspections and inmate counts. [Petition at 4.]

*Ground Four* rests on Petitioner's assertions that: on an unspecified date, an Assistant Warden told 19 inmates who are designated as "high risk" with respect to COVID (including him) that they had been approved for home confinement. However, they were not released, apparently because someone higher up in the BOP denied such release. [Petition at 4.]

*Ground Five* sets forth various complaints Petitioner has with respect to his sentence[2] and statements made by the Government's attorneys in his Pre-Sentence Report and otherwise regarding the pornography discovered on Petitioner's devices and his conduct with respect to minors. Petitioner asserts that he cannot be properly rehabilitated while confined in prison. [Petition at 6 (Addendum).]

---

[2] Petitioner also asserts that the sentencing judge "mandated S.O. program not offered by the prison," but a review of the judgment entered by District Judge Sammartino shows that this is not accurate. Rather, Judge Sammartino merely recommended placement in a Residential Drug Abuse Program ("RDAP") and that Petitioner be incarcerated in a facility close to the Central District of California to accommodate "RDAP, SOTP, and family visits." [See Docket for 3:17-cr-03580-JLS, No. 58 at 2.] These types of recommendations are neither a part of a defendant's sentence nor binding on the BOP. *See* 18 U.S.C. § 3621(b); *United States v. Ceballos*, 671 F.3d 852, 855-56 (9th Cir. 2011) ("[t]he Bureau of Prisons has the statutory authority to choose the locations where prisoners serve their sentence").

## DISCUSSION

### I. The Court Will Not Consider Ground Five.

Federal courts have an independent obligation to examine their own jurisdiction and may not entertain an action in which jurisdiction is lacking. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). For federal prisoners wishing to challenge matters related to their sentences, there are two statutory bases for federal district court jurisdiction: 28 U.S.C. § 2241 ("Section 2241"); and 28 U.S.C. § 2255 ("Section 2255").

A Section 2241 habeas petition may be filed by a federal prisoner to attack the "execution of his sentence," but not to attack its validity. *White v. Lambert*, 370 F.3d 1002, 1009 (9th Cir. 2004); *Hernandez*, 204 F.3d at 864. A motion under Section 2255 generally is the exclusive mechanism – outside of a direct appeal – by which a federal prisoner may challenge the validity or legality of his sentence. *See Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012); *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008).

Through Ground Five, Petitioner attacks the validity of the sentence he received, in part, and complains that the benefits that adhere to successful completion of an RDAP are not available to him. Petitioner asserts that he cannot be rehabilitated if he is incarcerated in a prison and speculates that even if he were to complete an RDAP program successfully, the BOP nonetheless would refuse to allow a year off his sentence and home confinement given the nature of his offense. Petitioner also appears to contend that the sentence he received – 90 months incarceration – resulted from representations by the prosecutor that Petitioner had solicited illicit relations with children under 12 and had many images of illegal pornography on his devices, which Petitioner denies.

For these reasons, Ground Five can be viewed, in part, as an attack on the validity of Petitioner's sentence, *i.e.,* that it resulted from allegedly untrue

statements by the prosecutor. To the extent that Petitioner wishes to challenge the sentence he received, he cannot do so in this District, because it was not imposed here. Rather, he should have appealed or pursued any such relief through a Section 2255 motion, or some other motion filed in the Southern District. To the extent that Ground Five reflects Petitioner's belief that he is entitled to compassionate release, the Southern District, again, is the only proper venue for such a request. *See, e.g., Macias v. Bradley*, No. CV 20-714-RGK, 2020 WL 6681250, at *2 (C.D. Cal. Nov. 10, 2020) (dismissing request by petitioner seeking compassionate release when he had been sentenced in the Eastern District of California, where he had such a motion pending); *Sweeney v. Hererra*, No. CV 20-0427-CJC, 2020 WL 4980062, at *3 (C.D. Cal. June 8, 2020) (only the sentencing court or the BOP may consider a request for compassionate release, not the district of incarceration). Section 2241 is not an available remedy for Petitioner's Ground Five attack on his sentence.

Ground Five also can be construed, in part, as an attack on the execution of Petitioner's sentence, based on Petitioner's contention that the BOP will not afford him participation in, and the benefits of, an RDAP, and thereby will not afford him the opportunity to be moved outside the prison to transitional housing and to receive time off his sentence. Even as so construed, the Court declines to consider the claim because it is not cognizable.

Under 18 U.S.C. § 3621(b), the BOP is required to make "available appropriate substance abuse treatment for each prisoner the [BOP] determines has a treatable condition of substance abuse or addiction." *See* 28 C.F.R. § 550.53l; BOP Program Statement 5330.11 ("PS 5330.11"), Ch. 2. "RDAP is an intensive drug treatment program for federal inmates with documented substance abuse problems." *Reeb v. Thomas*, 636 F.3d 1224, 1225 (9th Cir. 2011). In addition to receiving treatment, a federal inmate assigned to an RDAP who successfully completes the program can receive up to a one-year reduction in his sentence, pursuant to 18 U.S.C. § 3621(e)(2)(B).

In *Reeb*, the Ninth Circuit found that: pursuant to 18 U.S.C. § 3625, the judicial review provisions of the Administrative Procedures Act did not apply to any determinations, decisions, or orders made pursuant to 18 U.S.C, §§ 3621-3625; and allowing prisoners to bring Section 2241 habeas petitions to challenge BOP discretionary decisions made under Section 3621 would be inconsistent with 18 U.S.C. § 3625. *Reeb*, 636 F.3d at 1227. The Ninth Circuit concluded that Reeb's claims that he was entitled to participate in an RDAP and to be afforded a 12-month reduction in his sentence "are matters properly left to the BOP's discretion," and that his available remedy was the BOP's administrative grievance process, not Section 2241. *Id.* "[A]ny substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program, is not reviewable by the district court," and the "BOP's substantive decisions to remove particular inmates from the RDAP program are likewise not subject to judicial review." *Id.* The Ninth Circuit held that "federal courts lack jurisdiction to review the BOP's individualized RDAP determinations made pursuant to 18 U.S.C. § 3621." *Id.* at 1228.

For the foregoing reasons, Ground Five is not cognizable on habeas review to the extent that Petitioner is complaining about his inability to obtain release from prison based on RDAP participation. Further, no evidence has been presented that Petitioner has attempted to exercise his administrative remedies with respect to this claim. For federal prisoners such as Petitioner, the BOP has in place an administrative remedy procedure. It can be used by inmates to seek formal review of their complaints regarding any aspect of imprisonment, including the execution of their sentence. They must do so by submitting a specified series of administrative remedy requests and forms upward through the "final administrative appeal" that renders a claim administratively exhausted. *See* 28 C.F.R. §§ 542.10, 542.13-542.15; *Nigro v. Sullivan*, 40 F.3d 990, 992 (9th Cir. 1994). Although Section 2241 does not contain an exhaustion requirement, and consequently exhaustion is not a

jurisdictional prerequisite, for prudential reasons, federal courts require Section 2241 petitioners to exhaust their administrative remedies prior to seeking habeas relief.  *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012); *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990); *see also Singh v. Napolitano*, 649 F.3d 899, 900 (9th Cir. 2011); and *Laing v. Ashcroft*, 370 F.3d 994, 997-98 (9th Cir. 2004).  Requiring a petitioner to exhaust his administrative remedies aids "judicial review by allowing the appropriate development of a factual record in an expert forum," conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level," and allows "the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings."  *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983) (*per curiam*).  Dismissal is appropriate when a federal prisoner has not exhausted the administrative remedies made available by the BOP.  *Martinez v. Roberts*, 804 F.3d 570, 571 (9th Cir. 1986) (*per curiam*).

      Even if Petitioner's RDAP-related complaints were cognizable under Section 2241, these are precisely the types of matters that should be considered by the BOP in the first instance, rather than raised for the first time in a federal court.  If these complaints are raised through the administrative review process, the BOP then will be afforded the chance to provide relief or to explain why none will be provided.  In either instance, it would be prudent to require that Petitioner raise his fifth claim with the BOP and exhaust it before seeking federal habeas relief.

      Accordingly, for these reasons, Ground Five will be dismissed without prejudice.

**II. Grounds One Through Four Are Not Cognizable In Habeas Review.**

      Ground One of the Petition rests on a few vague and unsupported allegations regarding Petitioner's speculation that the COVID pandemic is "possibly worsening."  The asserted factual premise for this Ground is very thin , but in any

event, the claim does not actually state any basis for habeas relief. The Court assumes that Ground One is proffered as background for Grounds Two through Four, in which Petitioner complains that: he is not receiving adequate medical care for his sleep apnea and diabetes; he has not been vaccinated despite being exposed to inmates who do not wear masks; and he was supposed to be released to home confinement due to his "high risk" status COVID-wise but was not.

As noted earlier, a Section 2241 habeas corpus petition is a vehicle for a federal prisoner's challenge to the execution of his sentence. *Hernandez*, 204 F.3d at 864. Challenges to a prisoner's conditions of confinement, however, must be brought through a civil rights action, rather than through a habeas corpus petition. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991); *see also Hill v. McDonough*, 547 U.S. 573, 579 (2006) ("[a]n inmate's challenge to the circumstances of his confinement" must be brought through a civil rights action); *Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . ; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.") (cit. om.). A civil rights action is the "proper remedy" for a prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *see also Ramirez v. Galaza*, 344 F.3d 850, 859 (9th Cir. 2003) (habeas jurisdiction is lacking, and a civil rights action instead is appropriate, "where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"). "[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core [of habeas relief]" and, instead, should be brought as a civil rights claim "in the first instance." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).

The allegations of Grounds One through Four of the Petition present complaints about the conditions of Petitioner's confinement. Through his

allegations, Petitioner effectively seeks to pursue a *Bivens* civil rights claim[3] based on inadequate medical treatment and exposure to COVID at the prison where he is confined.[4]  Indeed, read together, Grounds One through Four state a classic conditions of confinement claim that does not implicate the fact or duration of Petitioner's confinement.

Since the commencement of the COVID pandemic, numerous prisoners have attempted to obtain habeas-based release from incarceration based on the pandemic. Despite this flurry of lawsuits, whether prisoner actions asserting violations of constitutional rights based on the COVID pandemic properly may sound in habeas is not a settled issue.  When the Ninth Circuit was presented with the question of whether habeas review is available for claims that COVID conditions at a penal institutional give rise to unconstitutional conditions of confinement, it declined to resolve the issue.  *See Roman v. Wolf*, 977 F.3d 935, 941-42 (9th Cir. 2020) (per curiam).  In the absence of Circuit precedent, numerous district courts within the Ninth Circuit have concluded that such a claim is not cognizable in habeas review notwithstanding that the remedy sought is release.

In *Alvarez v. Larose*, 445 F. Supp. 3d 861, 866 (S.D. Cal. 2020), appealed dismissed, 2020 WL 8374097 (9th Cir. Oct. 15, 2020), federal criminal detainees and convicted defendants sought Section 2241 habeas relief based on the alleged failure to implement adequate COVID-related measures.  The Court specifically rejected the petitioners' argument that because they sought release – a remedy traditionally provided in habeas – they were entitled to proceed in habeas review. It concluded that this argument improperly conflated the nature of the relief sought

---

[3]   *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which applies when civil rights-type claims based on asserted deprivations of constitutional rights are asserted against federal officials.

[4]   Petitioner does not actually assert that the matters of which he complains violate any constitutional right, but the Court assumes he intends to plead an Eighth Amendment violation.

10

with the substance of the claim, which was to assert that conditions of confinement were unconstitutional, a matter that should be raised in a civil rights claim rather than through habeas. *Id.* More recently, in *Jackson v. City of Twin Falls*, No. 1:21-cv-00013-BLW, 2021 WL 982307, at *3-*4 (D. Id. March 16, 2021), the district court found that a state inmate's COVID-based claim should have been brought as a civil rights claim rather than through habeas. The opinion states: "[m]erely alleging that no conditions of confinement could possibly satisfy the Eighth Amendment—an allegation which every inmate could throw into any habeas corpus petition—does not magically transform the nature of a conditions-of-confinement claim"; and "[r]equesting release as the remedy for unconstitutional prison conditions does not render the substantive conditions-of-confinement claim a challenge to the fact of an inmate's confinement."

*Wilson v. Ponce*, 465 F. Supp. 3d 1037, 1047-49 (C.D. Cal. 2020), appeal dismissed, 2020 WL 6293689 (9th Cir. Oct. 19, 2020) reviewed the existing caselaw and found that inmate claims premised on the asserted dangers and risks posed by COVID are not cognizable as habeas claims. The district court concluded that there is no federal habeas jurisdiction for a claim that release is required due to the institutional conditions caused by the COVID pandemic, because such a claim is not an attack on the validity of the prisoner's confinement or the particulars affecting its duration.. With one exception noted below, district courts in this District have drawn the same conclusion and dismissed habeas actions seeking release based on claims that an inmate's confinement during the COVID pandemic violated his Fifth and/or Eighth Amendment rights, finding that the claims should be raised through a civil rights action. *See, e.g.*, *Lustig v. Warden, FCI Lompoc*, No. CV 20-3708-SB (AGR), 2021 WL 1164493, at *1 (C.D. Cal. Jan. 4, 2021), *accepted by* 2021 WL 1164474 (March 26, 2021); *Macias v. Bradley*, No. 20-7114-RGK, 2020 WL 6681250, at *3 (C.D. Cal. Nov. 10, 2020); *Jackson v. Von Blanckensee*, No. CV 20-4161 PA, 2020 WL 4905527, at *1 (C.D. Cal. Aug. 19, 2020); *Sweeney v. Herrera*,

No. CV 20-0427-CJC, 2020 WL 4980062, at *2 (C.D. Cal. June 8, 2020).

Other district courts have found that these types of COVID conditions of confinement claims are cognizable on habeas review. *See, e.g., Torres v. Milusnic*, 472 F. Supp. 3d 713, 724-26 (C.D. Cal. 2020) (finding Section 2241 jurisdiction to exist when the petitioners' claims sought relief from COVID-related conditions at their institution by challenging the "'fact and duration of confinement on the basis that no set of conditions of confinement under the present circumstances could be constitutional'"; reasoning that such a claim challenges the "fact of confinement" for habeas purposes); *Bent v. Barr*, No. 19-cv-6123-DMR, 2020 WL 3640009, at *2 (N.D. Cal. July 6, 2020) (granting a preliminary injunction and finding that habeas jurisdiction existed over claim that challenged the validity of confinement in light of the COVID pandemic). *See also Wilson v. Williams*, 961 F.3d 829, 837-39 (6th Cir. 2020) (Eighth Amendment claim based on prison officials' alleged failure to create safe conditions for prisoners during the COVID pandemic held to be "properly brought under § 2241 because they challenge the fact or extent of their confinement by seeking release from custody," finding dispositive that the petitioners claimed that "there are no conditions of confinement sufficient to prevent irreparable constitutional injury" and, thus, the only relief available was release from prison).

This issue remains to be resolved at the Circuit level. At this time, however, the Court finds persuasive those cases concluding that habeas jurisdiction is not available. The barebones allegations of the Petition do not establish that there are no conditions of confinement that could prevent constitutional violation here. Indeed, the record shows that Petitioner has been offered the COVID vaccine (possibly twice) and has declined it. It is possible that there is relief that could be fashioned short of release, but in any event, any such relief would be more appropriately considered in a civil rights action. *See Douglas v. Jacquez*, 626 F.3d 501, 504 (9th Cir. 2010) ("The power of a federal habeas court 'lies to enforce the right of personal liberty' . . . [and as] such, a habeas court 'has the power to release'

a prisoner, but 'has no other power.'") (citations omitted). There is nothing alleged in the Petition to support a finding that immediate release from an existing, valid conviction and sentence imposed by another district court is the only relief appropriate here.

Accordingly, Grounds One through Four of the Petition may not be considered on Section 2241 habeas review. A court may construe a flawed habeas petition as a civil rights complaint. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). Converting Grounds One through Four of the Petition to a *Bivens* complaint would be improper, however, given that: (1) the Petition was not accompanied by the $350 filing fee or a request to proceed without prepayment of the full filing fee; (2) the Petition was not accompanied by an authorization by Petitioner to have the $350 filing fee deducted from his trust account pursuant to 28 U.S.C. § 1915(b)[5]; and (3) there is no reason to believe that Petitioner has exhausted his administrative remedies for these claims, a prerequisite to filing a civil rights action.[6]

In addition, if Grounds One through Four of the Petition were converted to a *Bivens* complaint, Petitioner would be obligated to pay the $350 filing fee for a civil action, either in full up front or through withdrawals from his prison trust account in accordance with the availability of funds. See 28 U.S.C. § 1915(b). The dismissal of this action at the pleading stage or otherwise would not end Petitioner's obligation to pay that $350 filing fee. Further, the Court would be obligated to screen the converted Petition pursuant to the screening provisions of the Prisoner

---

[5] Petitioner is a prisoner, and thus, 28 U.S.C. § 1915(b) requires him to pay "the full amount of a filing fee," although he may do so through and initial partial payment and monthly payments thereafter rather than prepaying the entire amount.

[6] 42 U.S.C. § 1997e(a) provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Section 1997e(a) requires exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).

Litigation Reform Act of 1995. See 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1). If the converted Petition ultimately were dismissed for failure to state a claim upon which relief may be granted, that dismissal could count as a "strike" against Petitioner for purposes of 28 U.S.C. § 1915(g). Whether or not Petitioner wishes to risk that possibility, as well as incur liability for the full $350 filing fee, are decisions he should make, not have decided for him.

For the foregoing reasons, it is appropriate to dismiss Grounds One through Four of the Petition without prejudice. Petitioner then may determine whether or not he wishes to raise the subject-matter of Grounds One through Four through a *Bivens* (or other) claim pleaded in a properly submitted civil complaint. In making that decision, Petitioner must take into account the administrative exhaustion requirement and remember that he must either submit the $350 filing fee with his complaint or submit the necessary 28 U.S.C. § 1915 documents and pay the $350 filing fee over time if granted leave to do so.

\* \* \* \* \*

For the foregoing reasons, IT IS ORDERED that: the Petition is dismissed without prejudice; and Judgment shall be entered dismissing this action without prejudice

DATED: June 10, 2021

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE